**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EZEQUIEL GUTIERREZ GARCIA,

Plaintiff,

v. CASE NO.: 8:26-cv-02744

FRUITVILLE TEXACO
OF SARASOTA, INC.,

Defendant.
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EZEQUIEL GUTIERREZ GARCIA, (hereinafter "Plaintiff" or "Mr. GutierrezGarcia"), by and through the undersigned counsel, hereby sues Defendant, FRUITVILLE TEXACO OF SARASOTA, INC., (hereinafter "Defendant" or "Fruitville Texaco") and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Florida Civil Rights Act ("FCRA").

2. In this civil action Plaintiff has also brought claims against his employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act, § 760.01, et al.

3. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C §§ 1331 and 1343.

4. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Sarasota County, which is located within the Middle District of Florida.

## PARTIES

6. Plaintiff, EZEQUIEL GUTIERREZ GARCIA, is a Hispanic male who resides in Sarasota County, Florida, located in the Middle District of Florida.

7. Defendant, FRUITVILLE TEXACO OF SARASOTA, INC., is a Florida For-Profit Corporation principally located at 19 East Road, Sarasota, Florida 34240. Plaintiff currently works at this location.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. Ezequiel Gutierrez Garcia is a Hispanic male who was born in Mexico.

10. Mr. Gutierrez Garcia has worked at Fruitville Texaco for over 18 years.

11. During the last three years of his employment, Shelly T. McDermed (Manager of Fruitville Texaco) subjected Mr. Gutierrez Garcia to a severe and pervasive pattern of harassment, intimidation, and discriminatory treatment based on his race, color, and national origin.

12. Throughout the course of Mr. Gutierrez Garcia's employment, Ms. McDermed regularly subjected him to degrading and abusive verbal attacks in front of customers and co-workers.

13. Ms. McDermed repeatedly called Mr. Gutierrez Garcia a "Pussy," a "lazy jerk," and "so fucking stupid" in front of others, humiliating him in his place of work.

14. Ms. McDermed's discriminatory animus toward Mr. Gutierrez Garcia can be ascertained from statements she made to other employees, in which she stated, "Why doesn't he go back to Mexico" and "he's such a stupid Mexican." These statements demonstrate that Ms. McDermed harassed Mr. Gutierrez Garcia because of his race, color, and national origin.

15. In addition to the verbal abuse, Ms. McDermed subjected Mr. Gutierrez Garcia to physically intolerable and harmful working conditions.

16. Despite knowing that Mr. Gutierrez Garcia suffers from arthritic pain in his right knee, Ms. McDermed forced him to work on his hands and knees to clean the baseboards, unnecessarily causing him physical pain and discomfort.

17. Moreover, after Mr. Gutierrez Garcia underwent dental surgery and had not yet fully recovered, Ms. McDermed forced him to return to work early, before he was medically fit to do so, callously disregarding his health and well-being and causing him to suffer unnecessary pain and discomfort.

18. On October 18, 2025, Mr. Gutierrez Garcia sent Stephen Stottlemeyer (Owner of Fruitville Texaco) a text message complaining about Ms. McDermed's discriminatory behavior toward him.

19. On Saturday, November 22, 2025, Ms. McDermed came to the store and called Mr. Gutierrez Garcia a "pussy" in front of his coworkers and customers because he had complained to Mr. Stottlemeyer about her mistreatment of him.

20. That same day, Ms. McDermed called the store and threatened Mr. Gutierrez Garcia, stating that she would make his life miserable after that day.

21. On Sunday, November 23, 2025, Mr. Gutierrez Garcia again texted Mr. Stottlemeyer to complain about Ms. McDermed's inappropriate behavior toward him.

22. On December 1, 2025, Mr. Gutierrez Garcia received a brief call from Ms. McDermed during which she stated, "Steve's sucking pussy," [sic] and hung up.

23. When Mr. Gutierrez Garcia texted Ms. McDermed to follow up on this, she stated "You need to learn English because I never said that" suggesting that he didn't know English because he was Hispanic.

24. On January 14, 2026, Ms. McDermed continued to berate Mr. Gutierrez Garcia and called him incompetent because he had forgotten to change the gas price sign outside the store.

25. On February 14, 2026, Ms. McDermed again texted Mr. Gutierrez Garcia and referred to him as stupid and incompetent. She continued to harass and accuse Mr. Gutierrez Garcia of lying about his knee pain, which prevented him from working on his knees while cleaning.

26. That same day, Mr. Gutierrez Garcia forwarded Ms. McDermed's hostile text messages to Mr. Stottlemeyer, who again did nothing to address the situation.

27. On or about April 19, 2026, Chad, Mr. Gutierrez Garcia's friend, came to Fruitville Texaco to purchase gas.

28. At that time, Chad worked at a local restaurant and brought Mr. Gutierrez Garcia lunch from the restaurant. To show his appreciation for Chad's gesture, Mr. Gutierrez Garcia offered to pay $10.00 toward Chad's gas using his personal credit card.

29. Later that day, Ms. McDermed falsely accused Mr. Gutierrez Garcia of using company funds to purchase food for himself. Ms. McDermed referred to Mr. Gutierrez Garcia as "shady" and called him a "worthless human being."

30. To make matters worse, Ms. McDermed threatened to fire Mr. Gutierrez Garcia from his position.

31. On August 14, 2026, Mr. Gutierrez Garcia filed an EEOC Charge against Fruitville Texaco based on the race, color, and national origin discrimination he faced at the hands of Ms. McDermed.

32. Mr. Gutierrez Garcia has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## VIOLATION OF TITLE VII FOR DISCRIMINATION RESULTING IN A HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE, COLOR, AND NATIONAL ORIGIN

33. Plaintiff, EZEQUIEL GUTIERREZ GARCIA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-two (32) as if set forth fully herein.

34. Defendant is an "employer" within the meaning of Title VII.

35. Mr. Gutierrez Garcia is an "employee" of Defendant within the meaning of Title VII.

36. Mr. Gutierrez Garcia is a member of a protected class because of his race, color, and national origin, and therefore, is protected by Title VII.

37. Mr. Gutierrez Garcia is qualified to perform his job duties.

38. Mr. Gutierrez Garcia's White supervisor targeted and harassed him because of his race, color, and national origin.

39. Specifically, Shelly McDermed repeatedly called Mr. Gutierrez Garcia a "Pussy," a "lazy jerk," and "so fucking stupid" in an effort to humiliate in front of coworkers and customers. Ms. McDermed subjected him to physically intolerable and harmful working conditions by forcing him to work on his knees when he suffers from arthritic pain in his right knee and requiring him to return to work early after he underwent dental surgery.

40. Ms. McDermed also told Mr. Gutierrez Garcia that he needed to learn English—despite the fact that Mr. Gutierrez Garcia speaks fluent English albeit with an accent—suggesting that he didn't know English because he is Hispanic.

41. The discriminatory conduct described herein was severe and pervasive and subjected Plaintiff to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Plaintiff's ability to perform his job duties.

42. Defendant's actions in subjecting Mr. Gutierrez Garcia to a hostile work environment because of his race, color, and national origin were reckless, willful, and malicious.

43. As a direct and proximate result of Defendant's acts, Mr. Gutierrez Garcia has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Gutierrez Garcia has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Gutierrez Garcia respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Gutierrez Garcia;

B. Back pay;

C. Compensatory damages against Defendant;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits he would have received but for the discriminatory acts and practices of Defendant;

F. Attorney's fees and costs; and

G. For such other relief as the Court deems just and equitable.

## <u>COUNT II</u>
## VIOLATION OF TITLE VII
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY RESULTING IN A HOSTILE WORK ENVIRONMENT

44. Plaintiff, EZEQUIEL GUTIERREZ GARCIA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-two (32) as if set forth fully herein.

45. Mr. Gutierrez Garcia is a member of a protected class and protected by Title VII from discrimination based on his race, color, and national origin.

46. Mr. Gutierrez Garcia engaged in protected activity when he repeatedly complained about discrimination based on his race, color, and national origin.

47. Each time he engaged in protected activity, Defendant subjected Mr. Gutierrez Garcia to a hostile work environment by permitting his White supervisor to berate and harass him, including by calling him incompetent; falsely accusing him of lying about the pain in his knee; falsely accusing him of using company funds to purchase food for himself; and referring to him as "shady" and a "worthless human being."

48. The retaliatory conduct described herein was severe and pervasive and subjected Mr. Gutierrez Garcia to a work environment that was intimidating, hostile,

and offensive. This hostile work environment detrimentally interfered with Mr. Gutierrez Garcia's ability to perform his job duties.

49. The actions of the Defendant constitute a violation of Title VII in that the Defendant has retaliated against Mr. Gutierrez Garcia for his complaints of discrimination based on his race, color, and national origin.

50. Mr. Gutierrez Garcia's protected activity was a but-for cause of his hostile work environment, and resulting injury.

51. Defendant acted with intent, malice and reckless disregard for Mr. Gutierrez Garcia's protected rights when it subjected him to a hostile work environment because he complained about discrimination based on his race, color, and national origin.

52. As a direct and proximate result of Defendant's acts, Mr. Gutierrez Garcia has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Gutierrez Garcia has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Gutierrez Garcia respectfully invokes the remedial powers of this Court as provided in Title VII and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Gutierrez Garcia;

B. Back pay;

C. Compensatory damages against Defendant;

D. Prejudgment interest;

E. Attorney's fees and costs;

F. Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

G. For such other relief as the Court deems just and equitable.

**COUNT III**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**A HOSTILE WORK ENVIRONMENT ON THE BASIS OF**
**RACE, COLOR, AND NATIONAL ORIGIN**

53. Plaintiff, EZEQUIEL GUTIERREZ GARCIA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-two (32) as if set forth fully herein.

54. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race, color, and national origin.

55. Mr. Gutierrez Garcia has satisfied all procedural and administrative requirements set forth in the FCRA.

56. Mr. Gutierrez Garcia is a member of a protected class because of his race, color, and national origin, and therefore, is protected by the FCRA.

57. Mr. Gutierrez Garcia is qualified to perform his job duties.

58. Mr. Gutierrez Garcia's White supervisor targeted and harassed him because of his race, color, and national origin.

59. Specifically, Shelly McDermed repeatedly called Mr. Gutierrez Garcia a "Pussy," a "lazy jerk," and "so fucking stupid" in an effort to humiliate in front of coworkers and customers. Ms. McDermed subjected him to physically intolerable and harmful working conditions by forcing him to work on his knees when he suffers from arthritic pain in his right knee and requiring him to return to work early after he underwent dental surgery.

60. Ms. McDermed also told Mr. Gutierrez Garcia that he needed to learn English—despite the fact that Mr. Gutierrez Garcia speaks fluent English albeit with an accent—suggesting that he didn't know English because he is Hispanic.

61. The discriminatory conduct described herein was severe and pervasive and subjected Plaintiff to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Plaintiff's ability to perform his job duties.

62. Defendant's actions in subjecting Mr. Gutierrez Garcia to a hostile work environment because of his race, color, and national origin were reckless, willful, and malicious.

63. As a direct and proximate result of Defendant's acts, Mr. Gutierrez Garcia has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Gutierrez Garcia has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Gutierrez Garcia respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Gutierrez Garcia;

B. Back pay;

C. Compensatory damages against Defendant;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits he would have received but for the discriminatory acts and practices of Defendant;

F. Attorney's fees and costs; and

G. For such other relief as the Court deems just and equitable.

## COUNT IV
## VIOLATION OF THE FCRA
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY RESULTING IN A HOSTILE WORK ENVIRONMENT

64. Plaintiff, EZEQUIEL GUTIERREZ GARCIA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-two (32) as if set forth fully herein.

65. The Florida Civil Rights Act of 1992, Fla. Stat. § 760 et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

66. Mr. Gutierrez Garcia is a member of a protected class and protected by the FCRA from discrimination based on his race, color, and national origin.

67. Mr. Gutierrez Garcia engaged in protected activity when he repeatedly complained about discrimination based on his race, color, and national origin.

68. Each time he engaged in protected activity, Defendant subjected Mr. Gutierrez Garcia to a hostile work environment by permitting his White supervisor to berate and harass him, including by calling him incompetent; falsely accusing him of lying about the pain in his knee; falsely accusing him of using company funds to purchase food for himself; and referring to him as "shady" and a "worthless human being."

69. The retaliatory conduct described herein was severe and pervasive and subjected Mr. Gutierrez Garcia to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Gutierrez Garcia's ability to perform his job duties.

70. The actions of the Defendant constitute a violation of the FCRA in that the Defendant has retaliated against Mr. Gutierrez Garcia for his complaints of discrimination based on his race, color, and national origin.

71. Mr. Gutierrez Garcia's protected activity was a but-for cause of his hostile work environment, and resulting injury.

72. Defendant acted with intent, malice and reckless disregard for Mr. Gutierrez Garcia's protected rights when it subjected him to a hostile work environment because he complained about discrimination based on his race, color, and national origin.

73. As a direct and proximate result of Defendant's acts, Mr. Gutierrez Garcia has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Gutierrez Garcia has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Gutierrez Garcia respectfully invokes the remedial powers of this Court as provided in the FCRA and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Gutierrez Garcia;

B. Back pay;

C. Compensatory damages against Defendant;

D. Prejudgment interest;

E. Attorney's fees and costs;

F. Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

G. For such other relief as the Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 18th day of September, 2026.

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
**The Printy Law Firm**
5407 N Florida Avenue

Tampa, Florida 33604
(P): (813) 434-0649
(F): (813) 423-3722
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*